UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── X

CHADBOURNE & PARKE LLP,

              Plaintiff,

   -against-                          **MEMORANDUM & ORDER**
                                                    05-CV-4953 (NGG)(ETB)
AMERICA'S HOME IMPROVEMENT
COMPANY, LLC; GARY ISKRA; MARK ALOE;
and PACESETTER CORP.,

              Defendants.
───────────────────────────────── X

GARAUFIS, United States District Judge:

      Before the court is a motion for default judgment filed by Plaintiff Chadbourne & Parke LLP ("Chadbourne") against Defendant Gary Iskra ("Iskra").[1] For the reasons set forth below, this motion is GRANTED, though the amount of damages will be determined at a later date. Chadbourne is ordered to submit additional documentation in support of the damages it seeks.

**I.    Background**

      Chadbourne, a law firm, sued Iskra and his co-Defendants for allegedly failing to pay legal fees incurred when Chadbourne represented Defendants in a lawsuit before this court. (Compl. ¶¶ 9-21.) Iskra was served with copies of Chadbourne's Summons and Complaint, but has not answered the Complaint or otherwise responded. (Clerk's Notation of Default at 1-2, Docket No. 15.) His default was noted by the Clerk of Court on March 31, 2006. (Id. at 2.) Chadbourne moved for default judgment on April 25, 2006. (Notice of Motion, Docket No. 16.)

---

      [1] This motion does not implicate any Defendants other than Iskra.

1

Chadbourne asserts that Defendants owe $113,422.94 in unpaid legal fees, plus prejudgment interest. (Affidavit in Support of Notice of Motion ¶ 7, Docket No. 17.) In support of that assertion, Chadbourne has submitted four invoices that it sent Defendants between December 8, 2004 and March 14, 2005. (Compl. Ex. 1.) Each invoice includes an aggregate dollar amount attributable to "professional services" and additional amounts associated with various categories of disbursements.

## II.  Analysis

Although the court has no reason to doubt the veracity of Chadbourne's invoices, they cannot serve as a basis for this court to award attorneys' fees in any particular amount. The Second Circuit has held that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). It is well established that the Carey requirements apply in the context of motions for default judgment. See, e.g., J&J Sports Productions, Inc. v. Smith, No. 06-CV-243 (CPS), 2007 WL 595090, at *5 (E.D.N.Y. Feb. 22, 2007); LaBarbera v. Ingoe Rock Industries, Inc., No. 06-CV-1026 (FB), 2006 WL 2829006, at *5 (E.D.N.Y. Sept. 27, 2006); Kingvision Pay-Per-View, Ltd. v. Penaloza, No. 05-CV-1928 (SLT), 2006 WL 898078, at *6 (E.D.N.Y. April 5, 2006).

The invoices submitted by Chadbourne do not satisfy the Carey requirements because they do not specify, for each attorney, the date, the hours expended, and the nature of the work done. For example, the invoice dated December 8, 2004 states that Defendants owe $89,087.50

"[f]or professional services during the period November 23, 2004 through December 1, 2004." The other three invoices are similarly conclusory. Although all four invoices instruct the reader to "see attached time sheet narratives for a description of the work performed and the legal personnel performing it," those narratives have not been submitted to the court. The court is therefore unable to award Chadbourne damages in any particular amount at this time.

The Carey requirements are particularly important where, as here, a motion seeking attorneys' fees is unopposed. The district court is obligated to consider whether the damages sought are appropriate, and may not grant the amount Chadbourne seeks merely because Iskra has defaulted. The record is, at present, insufficient for the court to satisfy this obligation.

## III. Conclusion

This action having been commenced by the filing of a Summons and Complaint on October 24, 2005, and a copy of the Summons and Complaint having been served on Defendant Iskra on November 21, 2005, and Proof of Service having been filed on December 2, 2005, and Defendant Iskra not having answered the Complaint, and the time for answering the Complaint having expired, and upon the Notice of Default from the Clerk of the Court, dated March 31, 2006, it is ORDERED, ADJUDGED AND DECREED that Chadbourne has judgment against Iskra in an amount to be determined at a later date.

Chadbourne is ordered to submit, within 30 days of the filing date of this Memorandum and Order, documentation satisfying the Carey requirements. Such documentation may take the form of an attorney Affidavit or Declaration attaching the "time sheet narratives" referred to in

Chadbourne's invoices, provided that those time sheet narratives include the information required by Carey.

SO ORDERED.

Dated: March 21, 2007                           /s/ Nicholas G. Garaufis
     Brooklyn, N.Y.                        NICHOLAS G. GARAUFIS
                                               United States District Judge